ROBERT R. POWELL, SBN 159747
SARAH E. MARINHO, SBN 293690
**POWELL & ASSOCIATES**
925 W. Hedding Street
San Jose, CA 95126
T: (408) 553-0201
F: (408) 553-0203
E: smarinho@rrpassociates.com

DMITRY STADLIN, SBN 302361
**DMITRY STADLIN, ATTORNEY AT LAW**
111 N. Market St., Ste 300
San Jose, CA 95113
T: (408) 645-7801
F: (408) 645-7802
E: ds@stadlinlaw.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| JESSE BOSWORTH, NANCY BOSWORTH, and ELIZABETH CAMPBELL,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF SAN JOSE; JENNIFER CLEAR; ROBERT FINNIE; MARIO TATOM; JUAN CEBALLOS; ROLANDO SEGURA; ERIN ARANA; TOPUI FONUA; RICHARD HARRISON; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 18-cv-05459<br><br>COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>JURY TRIAL DEMANDED |

1

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

## NATURE OF THE ACTION

1. Officers with the San Jose Police Department used excessive force on Plaintiff Jesse Bosworth when they ordered a police dog to attack him as he lay unarmed and asleep in his own bed. Officers had no legal authority to enter Mr. Bosworth's home to search or arrest him. Officers had no legal authority to order Plaintiffs Nancy Bosworth and Elizabeth Campbell out of their own home and unlawfully detain them during this violation of their rights while officers had a shot gun, helicopter and two K-9 units trained on them.

2. The City of San Jose and SJPD have a constitutionally deficient policy, practice or custom which results in police dogs being used to injure people to effectuate unlawful arrests and searches. SJPD and Police Chief Eddie Garcia were on notice that the policy was constitutionally deficient due to past complaints by innocent civilians injured by the police dogs, with recent bite victims including a toddler.

3. The City has failed to properly train, supervise and discipline officers for such conduct, and as a result there is a culture within the police department of excessive use of force.

4. The City also has a policy of arresting suspects in their own home without an arrest warrant or other lawful authority, in violation of clearly established law.

5. Plaintiffs Jesse Bosworth, Nancy Bosworth and Elizabeth Campbell were victims of these policies when the police barged into their home illegally and left it a bloody mess, and they now seek damages for this violation of their constitutional rights.

## JURISDICTION

6. The claims alleged herein arise pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, and California Civil Code § 52.1 (Bane Act).

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

**VENUE**

8. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts, practices and omissions giving rise to the claims brought by Plaintiff occurred in the City of San Jose, which is within this judicial district.

**PARTIES**

9. Plaintiff JESSE BOSWORTH was at all times complained of herein a resident of 5042 Englewood Drive in San Jose, California.

10. Plaintiff NANCY BOSWORTH was at all times complained of herein a resident of 5042 Englewood Drive in San Jose, California.

11. Plaintiff ELIZABETH CAMPBELL was at all times complained of herein a resident and the owner of 5042 Englewood Drive in San Jose, California.

12. Defendant CITY OF SAN JOSE (hereinafter referred to as "CITY") is and at all times mentioned herein was a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY operates the San Jose Police Department ("SJPD").

13. At all times mentioned herein, Defendant JENNIFER CLEAR (hereinafter "CLEAR") was employed as a police officer for defendant CITY. Defendant CLEAR is sued individually and as a police officer for the CITY. By engaging in the conduct described below, Defendant CLEAR acted under the color of law and in the course and scope of her employment for Defendant CITY. By engaging in the conduct described here, Defendant CLEAR exceeded the authority vested in her as a police officer under the United States Constitution and as an employee of the CITY.

3

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

14. At all times mentioned herein, Defendant ROBERT FINNIE (hereinafter "FINNIE") was employed as a police sergeant for defendant CITY. Defendant FINNIE is sued individually and as a police sergeant for the CITY. By engaging in the conduct described below, Defendant FINNIE acted under the color of law and in the course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant FINNIE exceeded the authority vested in him as a police sergeant under the United States Constitution and as an employee of the CITY.

15. At all times mentioned herein, Defendant MARIO TATOM (hereinafter "TATOM") was employed as a police officer for defendant CITY. Defendant TATOM is sued individually and as a police officer for the CITY. By engaging in the conduct described below, Defendant TATOM acted under the color of law and in the course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant TATOM exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

16. At all times mentioned herein, Defendant JUAN CEBALLOS (hereinafter "CEBALLOS") was employed as a police sergeant for defendant CITY. Defendant CEBALLOS is sued individually and as a police sergeant for the CITY. By engaging in the conduct described below, Defendant CEBALLOS acted under the color of law and in the course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant CEBALLOS exceeded the authority vested in him as a police sergeant under the United States Constitution and as an employee of the CITY.

17. At all times mentioned herein, Defendant ROLANDO SEGURA (hereinafter "SEGURA") was employed as a police officer for defendant CITY. Defendant SEGURA is

4

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

sued individually and as a police officer for the CITY.  By engaging in the conduct described below, Defendant SEGURA acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant SEGURA exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

18. At all times mentioned herein, Defendant ERIN ARANA (hereinafter "ARANA") was employed as a police officer for defendant CITY.  Defendant ARANA is sued individually and as a police officer for the CITY.  By engaging in the conduct described below, Defendant ARANA acted under the color of law and in the course and scope of her employment for Defendant CITY.  By engaging in the conduct described here, Defendant ARANA exceeded the authority vested in her as a police officer under the United States Constitution and as an employee of the CITY.

19. At all times mentioned herein, Defendant TOPUI FONUA (hereinafter "FONUA") was employed as a police officer for defendant CITY.  Defendant FONUA is sued individually and as a police officer for the CITY.  By engaging in the conduct described below, Defendant FONUA acted under the color of law and in the course and scope of his employment for Defendant CITY.  By engaging in the conduct described here, Defendant FONUA exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

20. At all times mentioned herein, Defendant RICHARD HARRISON (hereinafter "HARRISON") was employed as a police officer for defendant CITY.  Defendant HARRISON is sued individually and as a police officer for the CITY.  By engaging in the conduct described below, Defendant HARRISON acted under the color of law and in the

5

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

course and scope of his employment for Defendant CITY. By engaging in the conduct described here, Defendant HARRISON exceeded the authority vested in him as a police officer under the United States Constitution and as an employee of the CITY.

21. Plaintiffs are ignorant of the true names and/or capacities of defendants sued herein as DOES 1-50, inclusive, and therefore sue said defendants by such fictitious names. Plaintiffs will amend this complaint to allege their true names and capacities when ascertained. Plaintiffs believe and allege that each of the DOE defendants is legally responsible and liable for the incident, injuries and damages set forth herein. At all times mentioned herein, Defendants DOES 1-50 were employed by defendant CITY. Defendants DOES 1-50 are sued individually and as employees for the CITY. By engaging in the conduct described below, Defendants DOES 1-50 acted under the color of law and in the course and scope of their employment for Defendant CITY.

22. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or excessive use of force. Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

*//*

*//*

*//*

*//*

*//*

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

## FACTUAL ALLEGATIONS

**Jesse Bosworth, His Mother Nancy Bosworth and Grandmother Elizabeth Campbell Were in Their Home When Police Busted in Without a Warrant or any Other Legal Cause.**

23. On August 10, 2017, SJPD officers came to believe that Jesse Bosworth had stolen approximately $171 from his friend during a disagreement around 5:00pm at a shopping center in San Jose.

24. Five hours later, police officers went to Mr. Bosworth's home to attempt to arrest him but did not bother to obtain a warrant first.

25. Jesse was not on probation or parole at the time of the incidents complained of herein.

26. 5042 Englewood Drive is a single story three-bedroom, two bath residence owned by Plaintiff Elizabeth Campbell since 1961. At all times during the events complained of herein, Ms. Campbell lived there along with her grandson Jesse and her daughter Nancy Bosworth who is Jesse's mother.

27. Officer Jennifer Clear and Sergeant Robert Finnie decided to go to Jesse's home and arrest him. In a show of authority, they gathered at least a dozen officers including an arrest team, search team, two K-9 units, and a helicopter to surround the home.

28. Just before 10:00pm Ofr. Clear arrived to the Bosworth home and debriefed her colleagues about Jesse's alleged offenses earlier in the day, as well as her plan to arrest him in his home.

29. Around 10:00pm Ofr. Mario Tatom and his canine partner Jax arrive at the home, at the request of Sgt. Finnie.

30. Ofr. Tatom spoke to Ofr. Clear who showed him a photo of Jesse.

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

31. Ofr. Tatom and his canine partner Jax were assigned to the arrest team to assist in searching and apprehending Jesse who police believed to be in the residence.

32. Ofr. Tatom did not inquire from anyone as to the legality of a search or arrest in the home at any point while on scene.

33. Around 10:15pm Ofr. Tatom and the search team set up in front of the residence.

34. Sometime between 10:00pm and 10:30pm, Ofr. Clear called the house phone and spoke to Nancy Bosworth.

35. Ofr. Clear identified herself as a San Jose police officer and asked if she and her mother were okay, and Ms. Bosworth reported that they were fine. Ofr. Clear asked where Jesse was, and Ms. Bosworth reported that he was at home as well.

36. Ofr. Clear ordered Ms. Bosworth and her mother to come out of their home immediately.

37. Ms. Bosworth and Ms. Campbell looked out their front screen door and saw at least six police officers, including Officer Richard Harrison with a rifle, on their property, while a helicopter circled above.

38. Officer Rolando Segura saw Ms. Bosworth at the front door and ordered her to come outside.

39. Ofr. Segura then saw there was a dog in the home as well, so he ordered Ms. Bosworth to put the dog away in one of the rooms and then come out. Submitting to the show of authority, Ms. Bosworth asked her mom to put their German Shepard, Sassy, in the bathroom, then Ms. Bosworth stepped out of her house.

8

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

40. Officers ordered Ms. Campbell to come out as well, but since she is hard of hearing the officers allowed Ms. Bosworth to go back to the front door to tell her mom the police needed her out of the house immediately.

41. Ms. Campbell came out as ordered, into the chilly night without shoes or a jacket.

42. Around 10:20pm Ofr. Tatom and Jax stood in the front yard while patrol officers spoke with Nancy Bosworth. She advised officers that Jesse was inside his bedroom.

43. At approximately 10:23pm Ofr. Rolando Segura made announcements from the open front door for Jesse to surrender peacefully.

44. Ms. Campbell implored the officers to let her go in and get Jesse and begged them not to let the police dog into the house.

45. Ofr. Tatom then made canine announcements and around 10:26 deployed Jax into the home.

46. Sgt. Juan Ceballos authorized the K-9 deployment into the home.

47. Sgt. Finnie authorized the K-9 deployment into the home.

48. Ofr. Clear stood by as the K-9 was allowed into the home to "apprehend" Jesse, knowing full well, having been on the investigation since earlier in the day, that police had no arrest warrant or exigency to allow them into the home to arrest Jesse.

49. Officers waited in the front entryway while Jax sniffed around the living room, then Jax went down the hallway toward the bedrooms.

50. Jesse lay asleep in his bedroom, the door closed but not locked.

51. Jax managed to enter Jesse's bedroom.

52. Plaintiffs are informed and believe that Jax pushed the door open with his head, nose or paw.

9

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

53. Somehow the bedroom door closed behind Jax.

54. Jax bit Jesse as he lay face-down asleep in bed.

55. Jesse awoke startled in the dark room, the door having somehow closed behind Jax. He was inebriated and thought that it was his grandmother's German Shepard Sassy biting him, although that would be out of character for her. In the moment, Jesse in his daze figured that Sassy was pulling him up because his mother or grandmother needed help.

56. He struggled with the dog and got pulled off the bed and onto the floor while the dog growled viciously.

57. Jesse yelled repeatedly: "Help!" and "Mom!"

58. The dog was latched on to his forearm, causing intense pain. They struggled near the doorway. Jesse tried to get the dog to stop biting him and continued calling for help. Next thing he knew, officers were yelling and had opened the door, and he realized that it was a police dog attacking him, not Sassy. He surrendered and allowed himself to be handcuffed.

59. 10:28pm Sgt. Robert Finnie arrives at the home where the hallway and Jesse's bedroom were now bloody from the use of force on Jesse.

60. Jesse was taken by ambulance to the hospital where he was treated for the bite wounds on his arm and leg.

61. Jesse is permanently disfigured from the attack and has visible scars from the puncture wounds on his arm and leg still today, over a year after the incident.

**Officers Search Jesse's Private Bedroom Without His Consent or Any Other Exception to the Warrant Requirement.**

62. Jesse was the sole occupant of his private bedroom in the home he shared with his mother and grandmother.

63. Jesse pays rent monthly to his grandmother for a bedroom in the home.

10

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

64. Jesse's room can be locked from the outside with a key, such that Jesse can exclude others from entering his room.

65. At all times complained of herein, Jesse had a reasonable expectation of privacy in his private bedroom.

66. Sgt. Robert Finnie and Ofrs. Erin Arana and Topui Fonua searched Jesse's room without a search warrant, exigency or consent from Jesse.

67. Without lawful authority, Ofr. Arana searched inside of Jesse's closed backpack, including the zippered pockets, duffle bag, wallet, journal, the pockets of his clothing, bedding, personal papers, packages, two separate closed chests of drawers, inside the closet including the closet organizer compartments, and various small containers in his bedroom.

68. Sgt. Finnie also participated in the search of Jesse's bedroom and personal effects, including of Jesse's backpack, without lawful authority.

**The Unconstitutional Policies, Training and Supervision of the City of San Jose**

69. At all times relevant to this action, Defendants' actions were negligent, reckless, wanton, willful, knowing, intentional, unreasonable, extreme, outrageous, and deliberately indifferent to the constitutional rights of Jesse Bosworth, Nancy Bosworth and Elizabeth Campbell.

70. Defendants' unconstitutional actions violated clearly established law.

71. At the time Defendants violated Plaintiffs' constitutional rights, the City of San Jose's policies, practices or customs did not require Defendants to obtain an arrest warrant before attempting to arrest someone in their own home in the absence of an exception to the warrant requirement such as exigency or consent.

11

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

72. At the time of Defendants violated BOSWORTH's constitutional rights, the City of San Jose failed to adequately supervise and train Defendants to obtain an arrest warrant before attempting to arrest someone in their own home in the absence of an exception to the warrant requirement such as exigency or consent.

73. At the time Defendants violated Jesse Bosworth's constitutional rights, the City of San Jose's policies, practices or customs did not require Defendants to refrain from "deploying" a police dog on an unarmed individual in their own home.

74. At the time of Defendants violated Jesse Bosworth's constitutional rights, the City of San Jose failed to adequately supervise and train Defendants to refrain from "deploying" a police dog on an unarmed individual in their own home.

75. Only one month prior to the incident complained of herein, a police dog with the SJPD bit a 22-month-old girl in her own home when police deployed the K-9 to find her uncle.

76. The dog bit the girl on the back without provocation, requiring medical treatment including stiches.

77. The City of San Jose's unconstitutional policies, inadequate training and supervision of Defendants was caused by the City's deliberate indifference to the constitutional rights of Plaintiffs to a reasonable expectation of privacy in their own home and to be free from excessive use of force, and were the moving force behind Defendants' violation of Plaintiffs' constitutional rights.

## DAMAGES

78. As a proximate result of Defendants' conduct, Jesse Bosworth suffered severe pain and permanent disfiguring physical injuries. As a further proximate result of Defendants' conduct,

12

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

all Plaintiffs suffered severe emotional and mental distress, fear, terror, anxiety, depression, humiliation, embarrassment, and loss of their sense of security, dignity, and pride.

79. As a further proximate result of defendants' conduct, Plaintiffs will lose future income in an amount according to proof.

80. The conduct of the individual Defendants was malicious, sadistic, wanton, and oppressive. Plaintiffs are therefore entitled to award of punitive damages against the Defendants.

## CLAIMS FOR RELIEF

### First Cause of Action
### (Fourth Amendment – Excessive Use of Force, 42 U.S.C § 1983)
### (Jesse Bosworth Against Defendants Jennifer Clear, Robert Finnie, Mario Tatom, Juan Ceballos, Rolando Segura, and Richard Harrison)

81. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

82. In doing the acts complained of herein, Defendants Jennifer Clear, Robert Finnie, Mario Tatom, Juan Ceballos, Rolando Segura, and Richard Harrison acted under the color of the law to violate Jesse Bosworth's basic human dignity and his right to be free from excessive use of force under the Fourth Amendment to the United States Constitution.

83. Defendants acted under color of law by unlawfully entering Jesse Bosworth's home to subject him to excessive force thereby depriving him of his constitutionally protected rights.

84. As a proximate result of defendants' malicious and sadistic conduct, Jesse Bosworth suffered injuries and damages as set forth in paragraphs 78-79. The punitive damage allegations of paragraph 80 apply in this Claim for Relief to all individually-named Defendants.

13

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

## Second Cause of Action
### (Fourth Amendment – Excessive Force, 42 U.S.C. §1983 - *Monell* Liability)
### (Jesse Bosworth Against Defendant CITY)

85. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

86. The CITY, by and through its supervisory officials and employees, has been given notice on repeated occasions prior to the excessive force used on Jesse Bosworth, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other police officers employed with SJPD, including having received notice regarding the use of excessive force, resulting in injuries and deaths across the City of San Jose.

87. These policies and practices have been and continue to be implemented by Defendants, such as the excessive use of force suffered by Jesse Bosworth at the hands of Jennifer Clear, Robert Finnie, Mario Tatom, Juan Ceballos, Rolando Segura, and Richard Harrison, are the proximate cause of the Plaintiff's deprivation of rights secured under the Fourth Amendment.

88. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including high-ranking police supervisors knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by SJPD officers.

89. Despite said notice, Defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendant CITY demonstrates the existence of an

14

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of civilians by CITY's employees and agents.

90. Plaintiff is informed and believes that in addition to these long-standing practices and customs, the CITY has failed to provide adequate training, or no training at all, on the obligations of CITY police officers to not engage in excessive force, and to conduct themselves as professionals charged with not only ensuring the investigation of crimes, but the safety of suspects as well.

91. The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant CITY and its supervisory officials and employees to violations of the constitutional rights of suspects by the individually-named Defendants and other police officers.

92. The CITY has failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of excessive force, and further failing to adequately discipline, punish, or expel police officers who have engaged in the aforementioned and/or similar conduct when contacting suspects and other civilians.

93. The CITY has either provided no training at all in regard to appropriate handling, treatment, and protection of unarmed suspects, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

94. Jesse Bosworth's injuries were a foreseeable and a proximate result of the deliberate indifference of the CITY to the constitutional violations taking place in the SJPD, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

15

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

95. As a proximate result of CITY's conduct and omissions, Jesse Bosworth suffered injuries and damages as set forth in paragraphs 78-79. The punitive damage allegations of paragraph 80 apply in this Claim for Relief.

### Third Cause of Action
### (Intentional Infliction of Emotional Distress)

96. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

97. The conduct of Defendants as set forth herein, was extreme and outrageous and beyond the scope of conduct which should be tolerated by citizens in a democratic and civilized society. In order to deliberately injure, intimidate and harass Plaintiffs, Defendants committed the aforementioned extreme and outrageous acts with the intent to inflict severe mental and emotional distress upon Plaintiffs and convey fear and intimidation Plaintiffs.

98. As a proximate result of Defendants' willful, intentional and malicious conspiratorial conduct, Plaintiffs suffered severe and extreme mental and emotional distress.

99. As a proximate result of Defendants' wrongful conduct, Plaintiffs suffered injuries and damages as set forth in paragraphs 78-79. The punitive damage allegations of paragraph 80 apply in this Claim for Relief to all individually-named Defendants.

100. Since the conduct of Defendants and the injuries to Plaintiffs that they inflicted, occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to *respondeat superior*.

//

//

//

//

16
Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

## Fourth Cause of Action
### (California Civil Code § 52.1)

101. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

102. The conduct of Defendants as described herein violated California Civil Code § 52.1, in that they interfered with Plaintiffs exercise and enjoyment of their civil rights, as enumerated above, through excessive force, as well as the conduct constituting interference with civil rights to be free from unreasonable searches and seizures.

103. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiffs suffered violation of their State and Federal constitutional rights, and suffered damages as set forth in paragraphs 78-79. The punitive damage allegations of paragraph 80 apply in this Claim for Relief to all individually-named Defendants.

104. Since the conduct of Defendants occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiffs pursuant to *respondeat superior*.

## CLAIM REQUIREMENT

105. Plaintiffs are required to comply with an administrative claim requirement under California law in order to make claims based on state law. Plaintiffs have complied with all applicable requirements and submitted a timely Government Tort Claim Notice pursuant to G.C. 910, et seq., which has been rejected either in writing, or by operation of law, by the CITY.

//

//

//

17

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.

**PRAYER FOR RELIEF**,

WHEREFORE, Plaintiffs respectfully request that this Court:

1.) Award Plaintiffs general, special and compensatory damages in an amount to be proven at trial.

2.) Award Plaintiffs punitive damages against individually named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiffs;

3.) Award Plaintiffs statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

4.) Grant Plaintiffs such other and further relief as the Court deems just and proper.

Dated: September 5, 2018  /S/ Sarah E. Marinho
SARAH E. MARINHO
Attorney for Plaintiff

JURY DEMAND: Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

Dated: September 5, 2018  /S/ Sarah E. Marinho
SARAH E. MARINHO
Attorney for Plaintiff

18

Complaint for Violation of Civil Rights
Jury Trial Demanded
Jesse Bosworth v. City of Santa Clara, et al.